**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International Incorporated, | No. CV-13-01457-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| BBW LLC, et al., | |
| Defendants. | |

Plaintiff Best Western International, Inc. ("Best Western") has filed a motion for entry of default judgment. Doc. 39. The Court will grant the motion.

**I.      Background.**

Best Western's complaint alleges that on November 12, 2000, Defendants BBW, LLC and Richard Knapp applied for a Best Western membership for "The Bartlesville Inn" located in Bartlesville, Oklahoma. Doc. 1, ¶ 26. The application was approved and the hotel became a Best Western member property known as "Best Western Bartlesville Inn." *Id*., ¶¶ 26-27. Defendants' relationship with Best Western was memorialized in a Membership Agreement. *Id*. Under the Agreement, Defendants were required to pay all fees, dues, charges, and assessments imposed on members by Best Western's board and to promptly pay the costs of all goods or services provided by or ordered through Best Western. *Id*., ¶ 28. For a variety of reasons, Best Western's board voted to cancel Defendants' membership on February 19, 2013. *Id*., ¶ 35. Pursuant to the Membership Agreement, termination of Defendants' Best Western membership triggered an obligation

to immediately satisfy their payment obligations to Best Western. *Id*., ¶ 36. In addition, the Membership Agreement required Defendants to remove all Best Western marks displayed at the Bartlesville Inn and from any advertising for the Bartlesville Inn within fifteen days of termination. *Id*.

Best Western's complaint alleges that Defendants failed to pay off their account balance and remove Best Western symbols from the Bartlesville Inn and from advertising for the Bartlesville Inn. *Id*., ¶¶ 39-42. The complaint asserts twelve claims, including breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and trademark infringement. *Id*., ¶¶ 48-122.

Best Western filed a motion for Default Judgment on October 2, 2013. Doc. 12. The Court denied the motion because Defendants filed an answer to the complaint on October 11, 2013. Doc. 23. A settlement conference was held on February 19, 2014 before Magistrate Judge Steven Logan but a settlement was not reached. Doc. 30. On April 22, 2014, Defendant BBW, LLC's attorney filed a motion to withdraw as attorney. Doc. 33. The Court held a hearing on May 7, 2014, after which it granted the motion to withdraw. Doc. 35. On May 8, 2014, the Court ordered Defendant Knapp to file a memorandum showing cause why default judgments should not be entered against the Defendants. Doc. 36. No memorandum was filed. The Court held a hearing on May 28, 2014, but Defendants did not appear. Doc. 38.

**II.    Legal Standard.**

The Court has discretion to grant default judgment against Defendants pursuant to Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Factors the Court should consider include (1) the possibility of prejudice to Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, if any, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

**III.   Analysis.**

**A.   Possible Prejudice to Best Western.**

The first *Eitel* factor favors entry of default judgment because Defendants have refused to participate in the litigation after being properly served with process and previously participating in the case.

**B.   The Merits of the Claims and the Sufficiency of the Complaint.**

The second and third *Eitel* factors favor entry of default judgment because Best Western's claims are each legally sufficient as pled and can be evaluated given Best Western's factual allegations. Best Western's breach of contract claim alleges facts to support each element of a breach of contract claim. *Chartone, Inc. v. Bernini*, 83 P.3d 1103, 1111 (Ariz. Ct. App. 2004) (stating that a breach of contract claim contains three elements: (1) the existence of a contract, (2) its breach, and (3) resulting damages). Best Western has also substantiated the correctness of each charge on the open account as required to prove its claim of open account. *See Merrick v. U.S. Rubber Co.*, 440 P.2d 314, 317 (Ariz. Ct. App. 1968). In addition, Best Western has pled adequate facts to establish a claim for trademark infringement under Section 32 of the Lanham Act. 15 U.S.C. § 1114(1).

**C.   Amount of Money at Stake.**

The fourth *Eitel* factor favors entry of default. The Court must consider the amount of money at stake in relation to the seriousness of Defendants' conduct. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d. 1172, 1176 (9th Cir. 2002). The damages requested stem from a breach of contract. The Court concludes that the seriousness of Defendants' conduct warrants the requested damages.

**D.   Possible Dispute Concerning Material Facts.**

Because Defendants disputed material facts in their answer (Doc. 15), the fifth factor does not favor entry of default.

**E.   Whether Default Was Due to Excusable Neglect.**

The sixth factor favors entry of default judgment because there is no excuse for

- 3 -

Defendants' failure to continue participating in this litigation, particularly in light of the Court's warning that failure to participate could result in entry of default.

### F. Policy Underlying Federal Rules of Civil Procedure.

The seventh factor favors entry of default judgment because Defendants have chosen not to continue defending this action.

### G. Conclusion.

Having reviewed Best Western's motion, which addresses each *Eitel* factor, and having reviewed the supporting affidavits and documents provided by Best Western, the Court concludes that default judgment is appropriate.

The Court will grant default judgment on counts one, two, three, four, and five of the complaint in the amount of $82,015.30, plus interest. Best Western also requests attorneys' fees and costs incurred in connection with counts one through five. The Membership Agreement provides that in the event Defendants breach any obligation of the Membership Agreement, Defendants are "liable to Best Western for all attorney's fees, costs and expenses incurred by Best Western in connection with the breach or violation." Doc. 1-1 at 9, ¶ 36. This provision is enforceable under Arizona law so long as the fees are facially reasonable. *See McDowell Mountain Ranch Cmty. Ass'n v. Simons*, 165 P.3d 667, 672 (Ariz. Ct. App. 2007). The Court has reviewed the affidavit of Best Western's attorney, Michelle Swann, and concludes that the fees are reasonable. Best Western is entitled to recover $20,621.90 in attorney's fees and costs. The Court will also grant injunctive relief on counts seven, eight, and nine.

With respect to count six, post termination use of trademarks, Best Western seeks liquidated damages in the amount of $161,634.56. This amount represents $820.48 per day (15% of the average room rate multiplied by the number of rooms) for 197 days – from March 10, 2013 until September 23, 2013, the last date proof exists of Defendants' trademark infringement. Doc. 39 at 11. The District of Arizona has already found that Best Western's Membership Agreement's liquidated damages clause is reasonable. *See Best Western Int'l, Inc. v. Ridenour*, No. CV-10-1789-PHX-DGC, 2011 WL 1086014, at

*2 (D. Ariz. Mar. 24, 2011); *Best Western Int'l., Inc. v. Oasis Invs., L.P.*, 398 F. Supp. 2d 1075, 1081 (D. Ariz. 2005). Best Western is entitled to $161,634.56.

**IT IS ORDERED:**

1. Best Western's motion for default judgment (Doc. 39) is **granted**.

2. Default judgment is entered in favor of Best Western and against Defendants BBW, LLC and Richard Knapp on counts one, two, three, four, and five in the amount of **$82,015.30**, plus 1.5% interest per month from June 1, 2014.

3. Default is entered in favor of Best Western and against Defendants BBW, LLC and Richard Knapp on count six in the amount of **$161,634.56**, plus post-judgment interest pursuant to 28 U.S.C. § 1961.

4. Best Western is awarded attorneys' fees and costs in the amount of **$20,621.90**, plus post-judgment interest pursuant to 28 U.S.C. § 1961.

5. Defendants, and any person or entity acting on their behalf or in concert with them, are **permanently enjoined** from using, or authorizing, licensing, assisting, or facilitating any person's or entity's use of, the Best Western marks, any colorable imitation thereof, or any other confusingly similar mark.

6. Defendants shall, within **10 days** from the date of this order, remove all Best Western marks used in connection with the subject hotel located in Bartlesville, Oklahoma.

7. The Clerk shall enter judgment and terminate this action.

Dated this 8th day of July, 2014.

_____
David G. Campbell
United States District Judge